**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EUGENE WADE,** | ) | **CASE NO. 1:23CV01375** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **DOUG LUNEKE, Warden,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Petitioner Eugene Wade's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (ECF #1). For the following reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF # 10) and **DISMISSES** the Petition.

## I. BACKGROUND

The following is a procedural synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated herein, provides a more complete and detailed discussion. (*Id.*).

In October 2018, Petitioner was indicted on: two counts of Having Weapons While Under Disability, in violation of Ohio Revised Code § 2925.11; two counts of Carrying Concealed Weapons, in violation of Ohio Revised Code § 2925.23(A)(2); one count of Illegal Possession of a Firearm in Liquor Permit Premises, in violation of Ohio Revised Code § 2923.121(A); one count of Discharge of a Firearm on or Near Prohibited Premises, in violation of Ohio Revised

Code § 2923.162(A)(3); one count of Improperly Discharging a Firearm on or Near Prohibited Premises, in violation of Ohio Revised Code § 2923.162(A)(3)1; one count of Felonious Assault, in violation of Ohio Revised Code § 2903.11(A)(1); three counts of Felonious Assault, in violation of Ohio Revised Code § 2903.11(A)(2); and three counts of Attempted Murder, in violation of Ohio Revised Code §§ 2903.02(A), 2923.02(A). (ECF #10 pg. 4). This count was later amended to reflect a charge of "Discharge of a Firearm on or Near Prohibited Premises." violation of Ohio Revised Code §§ 2903.02(A), 2923.02(A). The last nine counts all carried firearms specifications. Petitioner's proceeded to trial and his jury found him guilty of all but the attempted-murder counts. The jury found Petitioner guilty of all relevant firearm specifications. (*Id.*).

In June 2019, the trial court merged several counts and sentenced Wade to an aggregate term of 20 years imprisonment. Petitioner appealed to the Ohio Court of Appeals and his conviction was affirmed. (*Id.* pg. 6). Petitioner did not seek review with the Ohio Supreme Court.

In August 2020, Petitioner filed an application under Ohio Appellate Rule 26(B) to reopen his appeal, asserting his appellate counsel was ineffective. (*Id.*). This application was later denied. (*Id*. pg. 7). While this application was pending, Petitioner filed a post-conviction petition with the trial court, which was denied in April 2021. (*Id*. pg. 8). Petitioner filed a notice of appeal with the Ohio Supreme Court and the court denied jurisdiction. (*Id.* pg. 9).

Petitioner filed the instant Petition raising two grounds for relief:

> **GROUND ONE:** Denial of Due Process and the Right to A Fair Trial when Petitioner was denied the effective assistance of counsel.
>
> **GROUND TWO:** Due Process violation due to prosecutorial misconduct.

(ECF #1).

## II. Standard of Review

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

A party's failure to do so could result in the loss of appellate rights. *Andres v. Comm'r of Soc. Sec.,* 733 Fed. App'x 241, 244 (6th Cir. Apr. 30, 2018). And overly general objections do not satisfy the specific-objection requirement. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). Neither does the regurgitation of the same merit brief before the magistrate judge constitute a sufficient objection. *Andres*, 733 Fed. App'x at 243.

## III. Analysis

As a threshold matter, as to Ground Two, the Magistrate Judge found Petitioner forfeited and alternatively, procedurally defaulted that claim because Petitioner neither addresses the Ohio Court of Appeals' decision nor satisfies 28 U.S.C. § 2254(d). (ECF #10). Petitioner does not object to the Magistrate Judge's finding as to Ground Two. (ECF #11). Having reviewed the R&R and the record for clear error, the Court finds none. The Court therefore **Adopts** the R&R as to Ground Two.

The Magistrate Judge recommends that the Court deny Ground One as procedurally defaulted. (ECF # 10). The Magistrate Judge concluded that the Ohio Court of Appeals enforced Ohio's res judicata doctrine because Petitioner could have raised his ineffective assistance of trial counsel claim on direct appeal; that Petitioner failed to establish cause to excuse the default; and that, in any event, the Ohio court of appeals reasonably rejected the claim on the merits for lack of prejudice. (*Id*.). Petitioner objects that the court improperly applied res judicata because Janelle Dowdy's allegedly exculpatory videotaped statement was outside the trial record. (ECF# 11). Petitioner further contends that ineffective assistance of trial and appellate counsel establishes cause and prejudice. (*Id*.).

For the following reasons, Petitioner's objection is **OVERRULED** and the Court **ADOPTS** the Magistrate Judge's R&R as to Ground One.

**A. Ohio Res Judicata**

A federal habeas court may not review a claim rejected by a state court on an adequate and independent state procedural ground unless the petitioner establishes cause and prejudice or demonstrates that failure to review the claim would result in a fundamental miscarriage of justice. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Ohio's res judicata rule, which generally requires a defendant to raise on direct appeal claims apparent from the trial record, is an adequate and independent state ground that can bar federal habeas review. *Coleman v. Mitchell*, 268 F.3d 417, 427–32 (6th Cir. 2001). Petitioner contends that the Ohio Court of Appeals improperly applied res judicata because the videotaped statement was not admitted at trial and therefore was outside the record available on direct appeal. (ECF #11). The Court disagrees.

Federal habeas review does not authorize this Court to correct an alleged error in a state court's application of its own law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). The relevant question is whether the court supplied a reasoned basis for concluding that Petitioner's claim could have been raised on direct appeal.

It did. The court considered the trial-record colloquy regarding Janelle Dowdy's second interview and concluded that the colloquy disclosed both the interview's existence and its substance. The court found that trial counsel knew of the interview and that appellate counsel, reviewing the record, should have been aware of it. The court further noted that the discussion revealed the alleged identification of a shooter wearing a black hoodie and Dowdy's explanation that someone told her Petitioner was the shooter while she was agitated in the vehicle. (*See* ECF #10).

The record also supports the state court's conclusion. Petitioner acknowledged that the State provided the videotaped statement to trial counsel in discovery. Thus, this is not a case in which the factual basis of the ineffective assistance claim was unavailable to trial counsel or wholly absent from the direct appeal record. Petitioner's assertion that trial counsel's questions were based on a detective's supplemental report, rather than the videotape, does not establish that the Ohio Court of Appeals lacked a record-based basis to conclude that the claim could have been raised on direct appeal. (*Id.*).

The Court therefore agrees with the Magistrate Judge that the Ohio Court of Appeals enforced Ohio's res judicata rule as to Ground One. (*Id.*). That rule constitutes an adequate and independent state ground for the state court's judgment. Ground One is procedurally defaulted unless Petitioner establishes cause and prejudice or a fundamental miscarriage of justice.

**B. Cause and Prejudice**

Petitioner argues that ineffective assistance of trial counsel and appellate counsel establishes cause for the default. (ECF #11). The Court agrees with the Magistrate Judge that Petitioner has not established cause.

Petitioner's allegation that trial counsel was ineffective does not itself excuse the default. The alleged failure to use Dowdy's second statement, secure her presence at trial, or challenge the State's characterization of statements is the substance of Ground One. It does not explain why Petitioner failed to raise the claim on direct appeal or otherwise comply with Ohio's procedural rules.

To the extent Petitioner relies on ineffective assistance of appellate counsel, that claim may establish cause only if it was properly presented to the state courts as an independent claim. *Edwards v. Carpenter*, 529 U.S. 446, 451–53 (2000). Petitioner did file an application to reopen his direct appeal under Ohio Appellate Rule 26(B). But he did not argue that appellate counsel was ineffective for failing to raise the ineffective assistance of trial counsel claim asserted in Ground One. Instead, his Rule 26(B) application raised different claims involving sentencing, merger, and the sufficiency of the evidence concerning the caller's identity.

The Magistrate Judge also correctly observed that Petitioner did not appeal the denial of his Rule 26(B) application to the Ohio Supreme Court. Petitioner consequently failed to present the relevant appellate counsel claim through one complete round of Ohio's appellate process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Because the appellate counsel claim now offered as cause is itself procedurally defaulted, it cannot excuse the default of Ground One. *Edwards*, 529 U.S. at 452–53.

Petitioner also asserts that his post-conviction petition was his first opportunity to raise this claim because the videotaped statement was not part of the trial record. (ECF #11). That

assertion does not establish cause. As explained above, the Ohio Court of Appeals considered the trial record discussion of the second interview and concluded that the claim could have been raised on direct appeal. Petitioner has not otherwise identified an external impediment that prevented him from complying with Ohio's procedural rules.

Because Petitioner has not established cause, the Court need not address prejudice. *Hockenbury v. Sowders*, 718 F.2d 155, 160 (6th Cir. 1983).

Petitioner has likewise not established that a fundamental miscarriage of justice would result from enforcing the procedural default. He has not alleged actual innocence or offered new, reliable evidence showing that, in light of all the evidence, no reasonable juror would have found him guilty. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

**C. Alternative Merits Holding**

The Court further agrees with the Magistrate Judge that Ground One would fail even if it were not procedurally defaulted. (ECF #10). The Ohio Court of Appeals alternatively held that Petitioner could not establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), given the substantial evidence identifying Petitioner as the shooter. The Magistrate Judge correctly explains that AEDPA deference applies to that alternative merits ruling. *See* 28 U.S.C. § 2254(d); *Hoffner v. Bradshaw*, 622 F.3d 487, 505 (6th Cir. 2010).

Petitioner's objection does not meaningfully address that alternative ruling. (ECF #11). He repeats that Dowdy's second statement could have altered the verdict, but he does not explain why the Ohio Court of Appeals' conclusion, that he suffered no *Strickland* prejudice in light of the remaining evidence, was contrary to, or an unreasonable application of, clearly established

federal law. (*Id*.). Nor does he identify an unreasonable factual determination. 28 U.S.C. § 2254(d).

Accordingly, even if the Court could reach Ground One's merits, Petitioner would not be entitled to habeas relief.

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Juge's Report and Recommendation and **DISMISSES** Petitioner's Petition (ECF #1) under 28 U.S.C. § 2254.

The Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

**/s Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: September 28, 2026**